# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WATSON NEWMAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORNER INVESTMENT COMPANY, LLC, et al.,<br><br>　　　　　Defendants. | 2:10-CV-550 JCM (GWF) |

## ORDER

Presently before the court is the case of *Newman v. Corner Investment Co., LLC, et. al.,* 2:10-cv-00550-JCM-GWF.

A hearing in this case is currently scheduled for December 14, 2011. (Doc. #82). The two defendants, Corner Investment Company, LLC and International Union of Operating Engineers Local No. 501, AFL-CIO ("Union"), have both filed motions for summary judgment. (Docs. #32 and #50).

There are stark disparities in the CM/ECF filing practices and procedures between the parties to this matter. The motion for summary judgment, exhibits, and reply brief filed by defendant Corner Investment Company, LLC are clearly organized on the CM/ECF docket. (*See* Docs. #50 and #61). Similarly, the opposition filed by plaintiff Watson Newman to this motion is accessible and easily identifiable. (Doc. #55).

**James C. Mahan**
**U.S. District Judge**

1    In contrast, the filings related to defendant Union's motion for summary judgment are
2 completely devoid of clarity and comprehensibility. (*See* Docs. #32-49, #60-69, and #74-79). Union
3 has filed at least thirty-four documents in relation to its motion for summary judgment, and many
4 of these documents include multiple exhibits.  Union's motion for summary judgment and
5 supporting documents are spread out across more than eighteen documents.  Union's memorandum
6 of points and authorities alone spans four docket entries and includes seven "exhibits" (the exhibits
7 are actually piecemeal sections of the memorandum of points and authorities).  (Docs. #46-49).
8 Union's reply brief(s) and supplemental briefs were filed in a similarly incomprehensible manner.
9 (Docs. #60-69 and #74-79).  For example, documents #60 and #78 appear to be identical.  Union's
10 motion and memorandum of points and authorities should be filed as one document, with exhibits
11 attached thereto, and there should be no unnecessary duplicative material.

12   It is a waste of the court's valuable time to attempt to cobble together an understandable
13 version of Union's motion.  Further, even if the court were inclined to do so, there is no guarantee
14 that the version of Union's motion that the court would ultimately produce would accurately reflect
15 the version Union intended to submit.  Based on these filings, it is impossible for the court to
16 adequately analyze Union's arguments and arrive at a just result.

17   Accordingly,

18   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant International
19 Union of Operating Engineers Local No. 501, AFL-CIO's motion for summary judgment (doc. #32)
20 be, and the same hereby is, DENIED without prejudice.

21   IT IS FURTHER ORDERED that attorney Lewis N. Levy must provide certification that he
22 has completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best Practices,
23 and the Civil & Criminal Events Menu that are accessible on this court's website,
24 www.nvd.uscourts.gov, before filing any additional documents in this case.

25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that the court will hear oral argument only on defendant Corner Investment Company, LLC's motion for summary judgment (doc. #50) at the December 14, 2011, hearing.

DATED December 9, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -